## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Kenneth Titsworth,<br><br>    Plaintiff,<br><br>v.<br><br>Trevor Hodge, M.D.; Patric Anderson, M.D.; SPARKS HEALTH SYSTEM, an Arkansas corporation; HMA, LLC, an Arkansas corporation,<br><br>    Defendants. | Case No. 17-CV-350-RAW |

## ORDER

Before the court is Defendants Sparks Health System and Fort Smith HMA, LLC,'s motion to transfer venue or dismiss for improper venue [Docket No. 73], filed April 20, 2018, Defendant Patric Anderson, M.D.'s motion to dismiss for lack of personal jurisdiction and improper venue [Docket No. 58], filed February 22, 2018, and Defendant Trevor Hodge, M.D.'s motion to dismiss for lack of personal jurisdiction and improper venue [Docket No. 60], filed February 22, 2018. As the court finds that venue is improperly laid in the Eastern District of Oklahoma and that it lacks personal jurisdiction over Defendants, the court transfers the case to the Western District of Arkansas in the interest of justice.

**I.**     **Background**

The Plaintiff alleges the following facts in his second amended complaint:

Around February 26, 2016, Plaintiff Kenneth Titsworth fell in his home in Leflore County, Oklahoma and injured his back. On March 14, 2016, Plaintiff travelled to Fort Smith, Sebastian County, Arkansas to seek treatment at Sparks Regional Medical Center. Fort Smith HMA, LLC, runs Sparks Regional Medical Center. Sparks Health System owns Fort Smith, HMA, LLC,.

At Sparks Regional Medical Center, Mr. Titsworth met with Dr. Trevor Hodge. Dr. Hodge ordered x-rays, which revealed nothing. Mr. Titsworth again met with Dr. Hodge on March 20, 2016. On April 4, 2016, Dr. Hodge stated that he would set up an MRI for Mr. Titsworth, but later stated that Mr. Titsworth's insurance would not pay for the MRI. Mr. Titsworth's insurance program is HealthChoice, an Oklahoma insurance plan. Dr. Hodge instead prescribed medication and physical therapy, which were both ineffective in treating the back pain. On April 15, 2016, Mr. Titsworth again travelled to Fort Smith, Arkansas to report worsening back pain to Dr. Hodge. Dr. Hodge repeated that he wished to perform an MRI on Mr. Titsworth, but could not get approval from the insurance plan. Dr. Hodge once more took x-rays and found nothing.

On April 25, 2016, Mr. Titsworth reported to the emergency room of Sparks Regional Medical Center due to his severe back pain. Dr. Patric Anderson, an Arkansas doctor, admitted Mr. Titsworth but discharged him without a diagnosis or a recommended course treatment.

On May 5, 2016, Mr. Titsworth called the office of Dr. Hodge to ask about the possibility of an MRI. The next day, Mr. Titsworth travelled once more to the Sparks Regional Medical Center emergency room and received an MRI. The MRI showed

osteomyelitis T2-T3 with posterior epidural abscess with canal stenosis. Mr. Titsworth was then transferred to Washington Regional Hospital in Fayetteville, Arkansas. From Washington Regional Hospital, he was emergency transported to St. Francis Hospital in Tulsa, Oklahoma. Doctors performed emergency surgery, but Mr. Titsworth was left paraplegic.

Plaintiff filed a lawsuit in the Eastern District of Oklahoma, alleging negligence by Fort Smith, HMA, LLC, Sparks Health System, Dr. Hodge, and Dr. Anderson. Plaintiff additionally alleges deceit by Dr. Hodge, as well as corporate negligence and *respondeat superior* against Fort Smith, HMA, LLC and Sparks Health System. Fort Smith, HMA, LLC and Sparks Health System are Arkansas companies. Dr. Hodge and Dr. Anderson both domicile in Arkansas.

II. Venue

For the purposes of venue, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 USCS § 1391(b) (2018).

All parties agree that the case cannot be brought in this district under § 1391(b)(1) and that § 1391(b)(3) is inapplicable in this case, therefore the only path for venue in the Eastern District of Oklahoma is through § 1391(b)(2).

Plaintiff has the burden of establishing that venue is proper in this district. *E.g., Graymore, LLC v. Gray*, 2007 WL 1059004, 2007 U.S. Dist. LEXIS 25882 at *41 (D. Colo. April 6, 2007). The standards for deciding a motion to dismiss for improper venue are generally the same as for deciding a motion to dismiss for want of personal jurisdiction. *Id.* at *41-42. Venue may be appropriate in several different districts, provided only that a substantial part of the events giving rise to the claim occurred there. *Id.* at *42 (citing *Woodke v. Dahm,* 70 F.3d 983, 985 (8th Cir. 1995)) (internal quotations omitted). "Even if a more substantial portion of the activities giving rise to the claim occurred in other districts, venue is proper if the district the plaintiff chose had a substantial connection to the claim." *Gwynn v. TransCor Am.,* 26 F. Supp. 2d 1256, 1261 (D. Colo. 1998) (citing *Setco Enters. Corp. v. Robbins,* 19 F.3d 1278, 1281 (8th Cir. 1994)). "Venue statutes are generally designed for the benefit of defendants, and in determining what events or omissions give rise to a claim the focus is on relevant activities of the defendant, not the plaintiff." *Goff v. Hackett Stone Co.,* 1999 U.S. App. LEXIS 13351 at *4 (10th Cir. June 17, 1999) (quoting *Woodke,* 70 F.3d at 985). Courts recognize that the "substantiality" requirement is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute. *Fodor v. Hartman*, 2006 WL 1488894, 2006 U.S. Dist. LEXIS 35013 at *11-12, (D. Colo.

May 30, 2006) (citing *Cottman Transmission Systems, Inc., v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994)).

Venue is not proper under § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims before the court did not occur in the Eastern District of Oklahoma. The alleged negligent treatment occurred in Arkansas. The alleged corporate negligence and respondeat superior involved Arkansas corporations overseeing an Arkansas hospital. Dr. Trevor Hodge allegedly committed deceit in Arkansas. All of these alleged events or omissions giving rise to Plaintiff's claims occurred outside of the state of Oklahoma.

Plaintiff argues that a substantial part of the events or omissions occurred in Oklahoma, because he made a call from his house in LeFlore County, Oklahoma and asked Dr. Hodge's nurses about the MRI. The court disagrees. Viewing the allegations in the light most favorable to Plaintiff, the phone call made by the Plaintiff in Oklahoma is not a substantial part of events giving rise to the claims. Plaintiff has not met his burden in showing that the phone call gives rise to Plaintiff's claims, rather than being merely ancillary. See *Fodor*, 2006 U.S. Dist. LEXIS 35013 at *12. Additionally, the court relies on *Cox*. *Cox v. Mobilex USA*, 2016 U.S. Dist. LEXIS 124926 at *9 (W.D. Okla. August 16, 2016). In *Cox*, the Plaintiff, an Osage County Jail detainee, alleged that Defendant, a New York doctor, falsified medical reports and then fraudulently transmitted them to the Osage County Jail in the Northern District of Oklahoma. *Id.* In determining that venue did not lie in the Northern District of Oklahoma, the court noted that there was no accusation of wrongdoing in the Northern District by the recipients of the medical reports. *Id.*

5

Similarly, although the Plaintiff alleges that he received medical information from Dr. Hodge's nurses while he was in Oklahoma, he does not allege that any wrongdoing occurred in Oklahoma. The crux of the cause of action relates to the alleged negligent treatments in Ft. Smith Arkansas, and the phone call appears to be tangential to this treatment, rather than having a close nexus to his claims.

Plaintiff further argues that a substantial part of the events or omissions occurred in Oklahoma because the initial, treated injury occurred in Oklahoma, and the resulting damage from the negligent treatment occurred in Oklahoma. The court disagrees. As to the initial injury, in determining what events or omissions give rise to a claim the focus is on relevant activities of the defendant, not the plaintiff. *Goff,* 1999 U.S. App. LEXIS 13351 at *4. The Defendants in this case had no connection to the Plaintiff's original injuries; therefore it would be unfair to force the defendants into a forum without any relation to the dispute. *See Fodor*, 2006 U.S. Dist. LEXIS 35013 at *11-12 (citing *Cottman Transmission Systems*, 36 F.3d 291, 294). As to the treatment he received in Tulsa for his resulting injuries, "federal courts have consistently found that medical treatment, by itself, is not considered a substantial part of the events giving rise to the plaintiff's claim." E.g., *Hansen v. Farrar*, 2017 WL 5900971, 2017 U.S. Dist. LEXIS 196544 at *5 (N.D. Okla. November 30, 2017). Further, allegations of continued suffering do not constitute a substantial part of the events giving rise to the claim. *Cox*, 2016 U.S. Dist. LEXIS 124926 at *9 (citing *Whiting v. Hogan*, 855 F.Supp.2d 1266, 1286 (D. N.M. Feb. 28, 2012)). As such, the court finds that venue does not properly lie within the Eastern District of Oklahoma.

## III.     Personal Jurisdiction

Although it is unnecessary for the court to rule on the issue of personal jurisdiction in light of the impropriety of venue, the court shall discuss it.

The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts. *Walden v. Fiore*, 134 S. Ct. 1115, 1121, 188 L. Ed. 2d 12 (2014). The law of the forum state and constitutional due process limitations govern personal jurisdiction in federal court. *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). Oklahoma's long-arm statute, 12 Okla. Stat. § 2004(F), provides that "[a] court of this state may exercise jurisdiction on any basis consistent with the Constitution of this state and the Constitution of the United States." *Tarver v. Ford Motor Co.*, 2016 WL 7077045, 2016 U.S. Dist. LEXIS 167363 at *4 (W.D. Okla. December 5, 2016). The long-arm statute is coextensive with the constitutional limitations imposed by the Due Process Clause. *Id. (*citing *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1416 (10th Cir. 1988)).

Depending on their relationship to the plaintiff's cause of action, an out-of-state defendant's contacts with the forum state may give rise to either general (all-purpose) jurisdiction or specific (case-linked) jurisdiction. *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017) (citing *Intercon*, 205 F.3d at 1247). "Specific jurisdiction means that a court may exercise jurisdiction over an out-of-state party only if the cause of action relates to the party's contacts with the forum state. *Old Republic*, 877 F.3d at 904 (citing *Daimler AG v. Bauman*, 134 S. Ct. 746, 754, 571 U.S. 117, 126, 187 L. Ed. 2d 624, 633. The standards for deciding a motion to dismiss for improper venue are

generally the same as for deciding a motion to dismiss for want of personal jurisdiction. *Graymore*, 2007 U.S. Dist. LEXIS 25882 at *41-42.

As explained above, the court finds that there is insufficient relationship between the Plaintiff's cause of action and the Defendants' contacts with Oklahoma. Therefore, the court must determine whether it has general jurisdiction over the Defendants. The court finds that it lacks general jurisdiction over Defendants.

> *Goodyear* made clear that only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." 564 U. S., at 924, 131 S. Ct. 2846, 2854, 180 L. Ed. 2d 796, 806 (citing Brilmayer et al., A General Look at General Jurisdiction, 66 Texas L. Rev. 721, 728 (1988)). With respect to a corporation, the place of incorporation and principal place of business are "paradig[m]… bases for general jurisdiction." *Id.*, at 735. See also Twitchell, 101 Harv. L. Rev., at 633. Those affiliations have the virtue of being unique—that is, each ordinarily indicates only one place—as well as easily ascertainable. Cf. *Hertz Corp.* v. *Friend*, 559 U. S. 77, 94, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010) ("Simple jurisdictional rules . . . promote greater predictability."). These bases afford plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims.

*Daimler*, 571 U.S. at 137.

Plaintiff does not dispute that Dr. Hodge and Dr. Hightower are individuals domiciled in the state of Arkansas. Plaintiff also admits that Sparks Health System and Fort Smith HMA, LLC, are Arkansas corporations located in Fort Smith, Arkansas. Although Plaintiff alleges that both corporations serve Oklahoma residents from within Arkansas, that is not sufficient to regard them as "at home" in Oklahoma. That does not indicate that the two corporations have their principal place of business within Oklahoma, or that the

8

two corporations are incorporated within the state of Oklahoma. Acceptance of Oklahoma insurance plans is similarly insufficient to make the corporations "at home" in Oklahoma. As such, the court finds that it lacks personal jurisdiction over all of the Defendants.

**IV.     Transfer**

Based on the lack of venue, the district court has the discretion to dismiss or to transfer Plaintiff's case. *Cox*, 2016 U.S. Dist. LEXIS 124926 at *13; *See Doering ex rel. Barrett v. Copper Mtn., Inc.*, 259 F.3d 1202, 1209 n.3 (10th Cir. 2001); 28 U.S.C. § 1406(a) (stating that the district court "shall dismiss" a case filed in an inappropriate venue unless it finds the interests of justice would be served by transfer). Venue would be proper outside the Eastern District of Oklahoma—in the Western District of Arkansas. It is in the interests of justice that the case be transferred to the Western District of Arkansas rather than dismissed. The Western District of Arkansas is a proper venue under both § 1391(b)(1) and § 1391(b)(2). All defendants are subject to personal jurisdiction in the Western District of Arkansas. Further, in light of the impropriety of the Eastern District of Oklahoma, the Western District of Arkansas appears to be the most convenient forum for Plaintiff, Defendant, and witnesses.

**V.     Conclusion**

Defendants Fort Smith HMA, LLC, and Spark Health System's Motion to Dismiss, or in the Alternative to Transfer Venue [Docket No. 73], Defendant Patric Anderson, M.D.'s Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue [Docket

No. 58], and Defendant Trevor Hodge, M.D.'s Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue [Docket No. 60] are DENIED in part and GRANTED in part. They are denied to the extent that they request dismissal of this case, and granted to the extent that venue in this district is not proper and that this case should be transferred to the Western District of Arkansas pursuant to 28 U.S.C. § 1406(a).

Dated this 3rd day of July, 2018.

*Ronald A. White*
_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA