UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KENNETH TITSWORTH                                                                    PLAINTIFF

V.                              NO. 2:18-CV-02111

PATRIC ANDERSON, M.D. et al.                                                      DEFENDANTS

## ORDER

Before the Court is Defendants' Thomas Hodge, as personal representative of the estate of Trevor Hodge, M.D., and Fort Smith HMA, LLC, motion (Doc. 137) for the entry of a protective order and a proposed protective order (Doc. 137-1) for the Court's review. The parties seek entry of an order protecting certain business, health or medical records, insurance records, personnel records, and certain credentialing files of physicians employed by Fort Smith HMA, LLC. For the reasons set forth below, the Court will GRANT the motion but will limit the information covered by the protective order.

Federal Rule of Civil Procedure 26(c)(1)(G) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "requiring that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a specified way." "The burden is therefore upon the movant to show the necessity of its issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (citing Wright & Miller, *Federal Practice and Procedure: Civil* § 2035 at 264-65).

The parties have shown good cause for the entry of a protective order for personnel and credentialing files of the Fort Smith HMA, LLC's employees. Individuals have "a heightened

1

privacy interest in [their] personnel files." *Kampfe v. Petsmart, Inc.*, 304 F.R.D. 554, 559 (N.D. Iowa 2015). "There is a strong public policy against the public disclosure of personnel files, but discovery of personnel files is permitted when there is a protective order or confidentiality order in place." *Nuckles v. Wal-Mart Stores, Inc.*, 2007 WL 1381651, at *1 (E.D. Ark. May 10, 2007); *see also Williams v. Bd. of Cnty. Comm'rs*, 2000 WL 133433 at *1 (D. Kan. Jan. 21, 2000) (holding that "personnel files and records are confidential in nature and that, in most circumstances, they should be protected from wide dissemination").

The parties have also shown good cause for the entry of a protective order as to medical and/or health information of employees or patients of Fort Smith HMA, LLC. Federal law generally prohibits the disclosure of the protected health information of third parties, but the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104–191, 110 Stat.1936 (also known as "HIPPA") allows disclosure of this information for purposes of litigation where a protective order is in place. *See* 45 C.F.R. § 164.512(e)(v)(A).

Given the heightened privacy interest in the information to be protected and the public policy against public disclosure of that information, the Court finds that Defendants have shown sufficient good cause to have the information identified above subject to a protective order. Defendants have not at this time demonstrated good cause for the protection of Fort Smith HMA policies and procedures, nor have they shown why the parties' insurance information must remain confidential. If the specific need arises during the course of litigation to protect information concerning the parties' insurance coverage as outlined in the proposed order (Doc. 137-1, ¶ (1)(a)(2)), a party may move for an amended protective order. The movant must demonstrate that the need for protection is apparent and not mere speculation. The Court will separately enter a revised protective order.

IT IS THEREFORE ORDERED that the Defendants' motion (Doc. 137) for entry of a protective order is GRANTED.

IT IS SO ORDERED this 29th day of January, 2019.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE